UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 16-48880-399 |
| | ) | Honorable Barry Schermer |
| TAMMY SWAN and | ) | Chapter 7 |
| ROBERT SWAN, | ) | |
| Debtors. | ) | APPLICATION TO APPROVE |
| | ) | COMPROMISE AND SETTLEMENT |
| | ) | Hearing Date: March 6, 2018 |
| | ) | Hearing Time: 2:00 p.m. |
| | ) | Hearing Location: 5 North |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that on March 6, 2018, at the hour of 2:00 p.m., or as soon thereafter as counsel can be heard, the undersigned will call for hearing in this Court the Trustee's Motion to Compromise, in United States Bankruptcy Court, Courtroom 5 North Floor, 111 S. 10th Street, St. Louis, MO 63102. You may be present at that time and be heard.

**WARNING: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY FEBRUARY 27, 2018. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**PLEASE TAKE NOTICE** that Trustee intends to perform the terms of the settlement agreement outlined below and abandon the estate's interest in the property as described below unless meritorious objection be filed with the Clerk of the Bankruptcy Court, Thomas F. Eagleton U.S. Courthouse, 111 S. 10th St., 4th Fl., St. Louis, MO 63102 with a copy to the undersigned by February 27, 2018. Any objection which may be filed will be heard in the United States Bankruptcy Court at the address listed above, in Courtroom March 6, 2018, at 2:00 p.m. In the event that no objections are filed, the Court may enter an order approving the compromise and settlement without the necessity of a hearing.

## APPLICATION TO APPROVE COMPROMISE AND SETTLEMENT

COMES NOW, Tracy A. Brown, the duly appointed and acting Chapter 7 Trustee in Bankruptcy for the estate of Robert and Tammy Swan, by and through counsel, and for her Application to Approve Compromise and Settlement, respectfully states to this Court as follows:

1.      Robert and Tammy Swan ("Debtors") filed their Voluntary Petition for Relief under Chapter 7 of 11 U.S.C. 101 et seq. (the "Bankruptcy Code") on February 27, 2013 (the "Petition Date").

2.      Tracy A. Brown ("Trustee") is the duly appointed and acting Chapter 7 Trustee for the Debtor's Bankruptcy estate.

3.      Among the assets of the bankruptcy estate is Debtor Tammy Swan's interest in a personal injury claim (the "Litigation").

4.      Plaintiff/Debtor was represented by attorney James Joyce ("Special Counsel").

5.      To the best knowledge of the Trustee, the total settlement allotted to the Debtor after deductions for incentive and attorneys' fees and other costs, was approximately $32,261.90 (the "Net Recovery").

6.      Trustee believes that that the Net Recovery is entirely pre-petition.

7.      It is the position of the Trustee that because the Net Recovery is entirely pre-petition it is entirely property of the Debtors' bankruptcy estate.  As a result, the Trustee seeks this Court's approval of the resolution of the Suit and the payment of incentive and attorneys' fees and other costs and authorization for the Trustee to retain and administer upon the Current Funds of $32,261.90 as property of the Debtor's bankruptcy estate.

8.    To avoid the cost and risk associated with litigation, the Trustee and Debtor have reached an agreement concerning the estate's interest the reimbursement, payable as follows:

  a.  Debtor shall receive 50% of the settlement proceeds – including any applicable exemptions.

  b.  The disbursement of the total funds of the Settlement to Debtor will be calculated as follows:

>     50,000.00 GROSS SETTLEMENT
>   - 16,667.00 Special Litigation Counsel fee
>     33,333.00
>   -  1,071.10 costs and medical liens
>     32,261.90 NET RECOVERY
>     16,130.95 50% To Debtor per agreement with Trustee
>     16,130.95 50% Payable to the Bankruptcy Estate

9.    The terms of the parties is expressly condition upon the approval of the United States Bankruptcy Court of the Eastern District of Missouri and entry of a final and non-appealable order approving this compromise and settlement.

10.    The Trustee believes the proposed compromise and settlement as described herein is in the best interest of the Debtor's bankruptcy estate and fulfills the requirements for the approval of a compromise and settlement under Federal Rule of Bankruptcy Procedure 9019(a) as discussed in In re: Apex Oil Company, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

WHEREFORE, Trustee respectfully requests this Honorable Court make and enter its order approving this Application to Approve Compromise and Settlement, permitting the parties through this compromise and settlement to take all necessary and reasonable steps to complete this settlement in a timely fashion as described herein, and granting such additional relief as this Court deems just and proper.

Respectfully submitted,
The Law Office of Tracy Brown, P.C.

By: /s/ Tara L. Jensen
TARA L. JENSEN, #47144MO
Attorney for Trustee
1034 S. Brentwood Blvd., Suite 1830
St. Louis, MO 63124
314.644.0303 p / 314.644.0333 f
TJensen@bktab.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on February 1, 2018 with the United States Bankruptcy Court, and has been served on the parties in in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, postage fully pre-paid, address to those parties listed on the Court's Manual Notice List and attached as Exhibit 1 on February 1, 2018.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served on the following Insured Depository Institution pursuant to Fed. R. Bankr. P. 7004(h), or on the United States, or any of its officers or agencies pursuant to Fed. R. Bankr. P. 7004(b)(4) or (5), on February 1, 2018 by First Class Mail addressed to the following persons on the attached Exhibit 1.

/s/ *Debbie Gibson*
Debbie Gibson